FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 14, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSE G.,<br><br>                Plaintiff,<br><br>  -vs-<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security<br><br>                Defendant. | No.   4:23-CV-5042-WFN<br><br>ORDER |

Jose G. [Plaintiff] brings this action seeking judicial review of the Commissioner of Social Security's final decision denying his application for disability benefits. ECF No. 1. Attorney D. James Tree represents Plaintiff. Special Assistant United States Attorney Ryan Lu represents the Commissioner [Defendant]. After reviewing the administrative record and the briefs filed by the parties, the Court **REVERSES** the Commissioner's final decision.

## JURISDICTION

Plaintiff applied for Disability Insurance Benefits on April 14, 2020, alleging disability beginning on October 12, 2019. Tr. 22, 215–16. Plaintiff later amended his alleged onset date to November 30, 2019. Tr. 22, 45. The application was denied initially, Tr. 56-65, and on reconsideration, Tr. 66–78. Administrative Law Judge [ALJ] Jesse Shumway held a hearing on February 15, 2022, Tr. 42–55, and issued an unfavorable decision on February 25, 2022, Tr. 22–29. The Appeals Council denied review on February 10, 2023. Tr. 1–8. The ALJ's February 2022 decision became the Commissioner's final decision, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on April 6, 2023. ECF No. 1.

## FACTS

Plaintiff was born in 1963 and was 56 years of age as of his alleged onset date. Tr. 57. He completed seventh grade, Tr. 51, and has past work as a daycare worker and as a truck

ORDER - 1

driver, Tr. 52–54. Plaintiff alleges disability based on back pain, depression, and anxiety. Tr. 47–50.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.1995). The Court reviews the ALJ's legal conclusions *de novo* but gives deference to a reasonable interpretation of a statute the agency is charged with administering. *See McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The ALJ's decision will be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097–98 (9th Cir. 1999). Substantial evidence is more than a scintilla, but less than a preponderance. *Id*. at 1098. Put another way, "'[i]t means such relevant evidence as a reasonable mind might assess as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for the ALJ's. *Tackett*, 180 F.3d at 1097–98; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). The ALJ's decision is conclusive if it is supported by substantial evidence, even if conflicting evidence supports a finding of either disability or non-disability. *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987). But a decision supported by substantial evidence will still be set aside if it is based on legal error. *Brawner v. Sec'y of Health & Hum. Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987). In steps one through four the claimant bears the burden of establishing disability. *Tackett*, 180 F.3d at 1098–99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in

ORDER - 2

past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193–94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, he will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On February 25, 2022, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 22–29.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 24.

At step two, the ALJ determined Plaintiff had the following severe impairments: "obesity and degenerative disc disease of the lumbar spine." *Id.*.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 26.

The ALJ assessed Plaintiff's Residual Functional Capacity [RFC] and found he can "perform a full range of light work . . . except that he can only occasionally engage in all postural activities." *Id.*

At step four, the ALJ found Plaintiff was able to perform past relevant work as a daycare assistant. Tr. 29.

At step five, the ALJ made no findings. *See* Tr. 22–29.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date. Tr. 29.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether the decision is based on proper legal standards.

ORDER - 3

Plaintiff contends the ALJ erred by (1) assessing Plaintiff's RFC without the support of medical opinion evidence, and (2) rejecting Plaintiff's symptom testimony for reasons that were not clear and convincing.

## DISCUSSION

**(1) Plaintiff's RFC**

Plaintiff argues the ALJ erred by assessing Plaintiff's RFC without the support of medical opinion evidence. ECF No. 8 at 5–8.

The ALJ did not discuss any medical opinions that supported the RFC. Instead, the ALJ wrote, "the record contains no medical opinions supportive of a finding of a more limited [RFC] than that set forth above." Tr. 28.

The ALJ did discuss prior administrative medical findings, but found them unpersuasive. *Id.* State agency medical consultants considered Plaintiff's complaints, including his back pain, and determined that Plaintiff's impairments were nonsevere because they did not cause significant functional limitations. Tr. 62–65, 72–77. Because the consultants found Plaintiff's impairments nonsevere, they did not formulate Plaintiff's RFC. Tr. 64, 76. Although the ALJ found that the prior administrative findings were supported by a narrative explanation, he ultimately concluded the administrative findings were unpersuasive because they were inconsistent with the record as a whole. Tr. 28. Specifically, the ALJ noted the prior administrative medical findings were inconsistent with more recent evidence showing greater levels of limitation than those found by the state agency medical consultants. *Id.* After the consultants made their findings, Plaintiff got a lumbar MRI that showed physical abnormalities. Tr. 647–48. Based on this MRI and other more recent evidence, the ALJ concluded Plaintiff had more limitations that those found by the state agency medical consultants. Tr. 28. And, without support from a medical opinion, the ALJ decided Plaintiff could "perform a full range of light work . . . except that he can only occasionally engage in all postural activities." Tr. 26.

The ALJ erred by assessing Plaintiff's RFC based on raw medical evidence without a medical opinion interpreting that raw evidence. *See Day v. Weinberger*, 522 F.2d 1154, 1156

ORDER - 4

1   (9th Cir. 1975). "The ALJ is responsible for determining credibility, resolving conflicts in
2   medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156
3   (9th Cir. 2001). However, "as a lay person, an ALJ is simply not qualified to interpret raw
4   medical data in functional terms." *Padilla v. Astrue*, 541 F. Supp. 2d 1102, 1106 (C.D. Cal.
5   2008). No medical opinion or state agency findings in the record supports the ALJ's RFC.
6   *See* Tr. 28. Therefore, the ALJ erred by assessing Plaintiff's RFC without support from
7   medical opinion evidence.

8       Defendant argues the ALJ did not err because the record includes the findings of state
9   agency medical consultants. ECF No. 10 at 10. But, importantly, the state agency consultants
10  did not have the opportunity to review Plaintiff's MRI. Tr. 26. The MRI is in the record, Tr.
11  647–48, and the ALJ concluded the state agency consultant's findings were unpersuasive
12  because they were inconsistent with the MRI and other similar evidence, Tr. 28. The ALJ
13  erred by assessing limitations based on the MRI without a medical opinion to support that
14  assessment.

15      Defendant also argues the ALJ's decision should be affirmed because it was Plaintiff's
16  burden to establish disability. ECF No. 10 at 11. True, it is ultimately Plaintiff's burden to
17  establish disability. *See* 20 C.F.R. § 404.1512(a). It is also Plaintiff's burden to submit all
18  available evidence in support of his disability claim. *Id.* However, it is the ALJ's duty to
19  make every reasonable effort to develop the record, 20 C.F.R. § 404.1512(b)(1), including
20  by ordering consultative examinations as necessary, 20 C.F.R. § 404.1512(b)(2). "Social
21  Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to
22  investigate the facts and develop the arguments both for and against granting benefits." *Sims*
23  *v. Apfel*, 530 U.S. 103, 110–11 (2000). The ALJ has this duty "even when the claimant is
24  represented by counsel." *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983).

25      Because the record contained evidence that the ALJ found indicative of greater
26  limitations than those found by state consultants, and no medical opinions interpreting that
27  evidence, the ALJ had a duty to develop the record by obtaining a medical opinion. The case
28  will be remanded for the ALJ to obtain a medical opinion. This does not mean that the ALJ

ORDER - 5

should find Plaintiff is disabled. It simply means that the ALJ's RFC assessment must be supported by medical opinion evidence.

Plaintiff asks the Court to remand for an award of benefits, ECF No. 8 at 16, but that remedy is only appropriate if the record leaves no doubt that the claimant is disabled, *see Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100–01 (9th Cir. 2014). That is not the case here. The Court will remand this matter for additional proceedings and explanation. *See Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004).

**(2) Plaintiff's Symptom Testimony**

Plaintiff also argues the ALJ erred by rejecting Plaintiff's symptom testimony for reasons that were not clear and convincing. ECF No. 8 at 8–16. The analysis of Plaintiff's symptom testimony could be impacted by the addition of medical opinion evidence. Therefore, the ALJ shall reevaluate Plaintiff's symptom testimony on remand as well.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the Commissioner's final decision is in error because the ALJ assessed Plaintiff's RFC without support from a medical opinion. The Court has reviewed the briefs and the file and is fully informed Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's Brief, filed July 5, 2023, **ECF No. 8**, is **GRANTED.**

2. Defendant's Brief, filed August 4, 2023, **ECF No. 10**, is **DENIED**.

3. This matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide copies to counsel. **Judgment shall be entered for Plaintiff** and the file shall be **CLOSED**.

**DATED** this 14th day of December, 2023.

WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

12-12-23

ORDER - 6